IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, GENERAL COMMITTEE OF ADJUSTMENT, CENTRAL REGION, | ) ) ) ) | |
| Plaintiff, | ) | 05 C 2401 |
| v. | ) ) | |
| UNION PACIFIC RAILROAD COMPANY | ) ) | Judge Virginia M. Kendall |
| Defendant. | ) | |

**Plaintiff BLET's Motion to Vacate Awards and Remand Cases to NRAB Panel and Enter Final Judgment**

Plaintiff Brotherhood of Locomotive Engineers, Central Conference, by their undersigned counsel, respectfully moves that this Court vacate the five awards 26089, 26090, 26092, 26093 and 26094 issued on March 15, 2005 by the First Division of the National Railroad Adjustment Board, as requested in the complaint. The Seventh Circuit Court of Appeals has now held that the NRAB panel with Elliott Goldstein as the Neutral Member "denied the Organization due process by requiring evidence of conferencing to be presented in the on-property record, a requirement not clearly enunciated in the statutes, regulations, or the collective bargaining agreement of the parties." *Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment, Cent. Region v. Union Pacific R. Co.*, 522 F.3d 746, 748 (7th Cir. 2008.)(*en banc denied*.) Section 3 of the Railway Labor Act, 45 USC 153(p) grants this Court authority to remand the cases back to the NRAB panel for further action in accord with the law of this case.

Accordingly, plaintiff respectfully moves that this Court order the remand of these cases

to the NRAB panel with Elliott Goldstein as neutral member. In further support of this motion to vacate and remand, plaintiff BLET states:

1. On April 9, 2008, the Seventh Circuit Court of Appeals held that the decision of the district court dismissing the action should be reversed. The Court stated:

"Because no statute, regulation, or CBA required the evidence to be presented in the on-property record, because the Carrier could not have been prejudiced by the tardy submission of evidence, and because the Organization was prejudiced by the late objection, we find that the Board's decision to dismiss violated the due process rights of the Organization. The district court issued a thoughtful decision, but for the reasons articulated above, it must be REVERSED." 522 F.3d 757-758.

2. Since the Court of Appeals has now determined the law of this case, and since this case involves only the review of an administrative record and there is no other issue that is or can be in dispute, plaintiff BLET respectfully requests that the awards should be formally vacated and remanded to the same NRAB panel which issued the said awards to allow the presentation of evidence as to conferencing and further appropriate action by the NRAB panel on the merits of these cases.

Respectfully submitted,<br>
<u>Thomas H. Geoghegan</u><br>
One of the attorneys for plaintiff

Thomas H. Geoghegan
Carol Nguyen
Despres Schwartz & Geoghegan
77 W. Washington, Suite 711
Chicago, IL 60602